IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY Y. PICA and TESSIE Y. PICA,)
                                    )
                Plaintiffs,         )    2:09-cv-02372-GEB-KJN
                                    )
        v.                          )    ORDER GRANTING DEFENDANT'S
                                    )    MOTION TO DISMISS[*]
WACHOVIA MORTGAGE; WORLD SAVINGS    )
BANK FSB; NOVIA REALTY & FINANCIAL;)
INC.; TONY DIHN; and DOES 1-20      )
inclusive,                          )
                                    )
                Defendants.         )
_____ )

        Defendant Wachovia Mortgage ("Wachovia") filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.  Wachovia also seeks in this motion to have portions of Plaintiffs' complaint stricken under Rule 12(f).  Wachovia also argues it is erroneously sued in this case separately as "Wachovia Mortgage" and "World Savings Bank, FSB."  Since Plaintiffs have not disputed this contention, the allegations against both entities are treated as allegations against Wachovia.  Wachovia also argues Plaintiffs' state

---

        [*]   This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1  law claims are preempted by the Home Owners' Loan Act.   (Mot. 2:12-

2  13.)   Since it is unclear precisely what Plaintiffs allege in each

3  state law claim, and these claims will be dismissed based on arguments

4  made in Wachovia's Rule 12(b)(6) motion, the merits of Wachovia's

5  preemption arguments are not decided.   See Webb v. Indymac Bank Home

6  Loan Servicing, No. CIV 2:09-2380 WBS DAD, 2010 WL 121084, at *6 n.2

7  (E.D. Cal. Jan. 7, 2010) (declining to reach HOLA preemption since

8  "plaintiffs' [state law] claim is facially deficient and will be

9  dismissed").

10        **I.  <u>Plaintiffs' Factual Allegations in their Complaint</u>**

11              In July 2006,[1] Plaintiffs Jeffrey and Tessie Pica sought to

12  purchase the residential property located at 44 South Pacifico Street,

13  Mountain House, in San Joaquin County, California.   (Compl. ¶¶ 7, 20.)

14  Plaintiffs met with Novia Realty & Financial loan officer Tony Dihn

15  ("Dihn"), who informed Plaintiffs he could get them the "best deal"

16  and the "best interest rates" available on the market.   (Id. ¶ 21.)

17  Plaintiffs requested and Dihn guaranteed an "affordable loan."   (Id.

18  ¶ 22.)   Plaintiffs agreed to a loan with an adjustable rate of 7.590%

19  with a "cap" of 11.950%.   (Id.)   Dihn informed Plaintiffs that if the

20  loan ever became unaffordable, he would refinance the loan.   (Id. ¶

21  24.)

22              Plaintiffs were not given a copy of the loan documents prior

23  to closing as required, and at the time of closing, Plaintiffs were

24  rushed to sign the documents.   (Id. ¶ 25.)   The loan documents were

25  

26        [1]   Plaintiffs erroneously allege they were approached in July
27  2009 but that the transaction was completed in October 2006.  Plaintiffs
   correct this error in their opposition, in which they assert "[i]n July
28  2006 the Plaintiffs began discussions with Defendant Dihn . . . ."
   (Opp'n 11:19.)

never explained to Plaintiffs, Plaintiffs were never given an opportunity to review them, and Plaintiffs never received the required copies of the notice of cancellation. (Compl. ¶ 25.) Plaintiffs' English skills are limited. (Id. ¶ 23.) Plaintiffs' native language is Tagalog, and there was no translator at the signing of the loan documents, nor were the loan documents in Tagalog. (Id.)

On October 9, 2006, Plaintiffs completed the loan transaction. (Id. ¶ 27.) The terms of the loan were memorialized in a promissory note, which was secured by a deed of trust. (Id.) The deed of trust identified Golden West Savings Association Service Co. as the trustee. (Id.)

Plaintiffs sent a Qualified Written Request ("QWR") to Wachovia under the Real Estate Settlement Procedures Act ("RESPA") on May 18, 2009, in which Plaintiffs demanded rescission of the loan under the Truth in Lending Act ("TILA"). (Compl. ¶ 28.)

Plaintiffs allege the following ten claims against Wachovia: (1) violation of TILA, 15 U.S.C. §§ 1601, *et seq.*; (2) violation of the California Rosenthal Act, Cal. Civil Code §§ 1788 *et seq.*; (3) negligence; (4) violation of RESPA, 12 U.S.C. §§ 2601, *et seq.*; (5) breach of fiduciary duty; (6) fraud; (7) violation of the California Business and Professions Code, Cal. Civ. Code §§ 17200, *et seq.*; (8) breach of contract; (9) breach of the implied covenant of good faith and fair dealing; and (10) violation of California Civil Code § 1632.

## II.  Legal Standards

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief

. . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the

defendant fair notice of what the [plaintiff's] claim is and the

grounds upon which relief rests . . . ." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers

labels and conclusions or a formulaic recitation of the elements of a

cause of action will not do. Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough

facts to state a claim to relief that is plausible on its face."

Twombly, 550 U.S. at 547. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires

more than "a sheer possibility that a defendant has acted unlawfully."

Id. "When a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility

and plausibility of entitlement to relief." Id. (quotations and

citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the

court "accept[s] as true all facts alleged in the complaint, and

draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd

v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither

conclusory statements nor legal conclusions are entitled to a

presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

Further, a court may strike from a pleading "an insufficient

defense or any redundant, immaterial, impertinent, or scandalous

4

matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir.1983).  "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." <u>Colaprico v. Sun Microsystems, Inc.</u>, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted).

## III.   **Judicial Notice**

Wachovia requests that judicial notice be taken of two documents related to Plaintiffs' mortgage loan which are publicly recorded in the Official Records of San Joaquin County: an October 9, 2006 Deed of Trust and a September 8, 2006 Grant Deed.  (RJN Exs. C, D.) "[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion[,] . . . [however,] it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." <u>United States v. 14.02 Acres of Land</u>, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted).  Exhibits C and D are publicly recorded and may be considered in deciding Wachovia's dismissal motion.  <u>See</u> <u>Champlaie</u>, 2009 WL 3429622, at *4 (taking judicial notice of recorded Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale).

Wachovia also requests that judicial notice be taken of an October 9, 2006 Adjustable Rate Mortgage Note signed by Plaintiffs and an October 11, 2006 Federal Truth in Lending Disclosure signed by Plaintiffs.  (RJN Exs. B, E.)  Under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged

in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations omitted). Here, Plaintiffs allege the existence of Exhibits B and E in their complaint and have not disputed their authenticity. (See, e.g., Compl. ¶¶ 17, 32, 52-53.) Accordingly, Exhibits B and E may be considered in deciding Wachovia's dismissal motion. See Rivera v. Wachovia Bank, No. 09-cv-0433-JM-AJB, 2009 WL 2406301, at *1 n.1 (S.D. Cal. Aug. 4, 2009) (incorporating by reference the Mortgage Note and Lending Disclosures).

Finally, Wachovia requests that judicial notice be taken of four documents related to Wachovia's status as a federal savings bank subject to the Home Owners' Loan Act ("HOLA"): an April 12, 2006 Certificate of Corporate Existence issued by the Office of Thrift Supervision, Department of Treasury (the "OTS"); a letter dated November 19, 2007 from the OTS; Wachovia's Corporate Charter dated December 31, 2007; and the Federal Deposit Insurance Corporation ("FDIC") profile and history of Wachovia dated July 9, 2009, from the FDIC's official website. (RJN Ex. A.) Plaintiffs have not disputed the authenticity of these documents, nor have Plaintiffs disputed Wachovia's status as a federal savings bank subject to HOLA. Wachovia's request for judicial notice of these documents is granted. See Molina v. Washington Mutual Bank, No. 09-cv-00894-IEG-AJB, 2010 WL 431439, at *3 (E.D. Cal. 2010 Jan. 29, 2010) (stating that "[i]nformation on government agency websites has often been treated as properly subject to judicial notice" and taking judicial notice of FDIC website).

//

# IV.   Analysis

## A.   Plaintiffs' Truth in Lending Act Claim

### 1. Plaintiffs' Claim for Damages Under TILA

Wachovia seeks dismissal of the civil damages portion of Plaintiffs' TILA claim, arguing, inter alia, it is time barred.  (Mot. 6:27.)  Wachovia further argues "no basis for equitable tolling exists."  (Id. 7:13.)  Plaintiffs rejoin they have plead sufficient facts to show that the statute of limitations period should be equitably tolled.  (Opp'n 13:2-14:12.)

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The limitation period starts to run "at the consummation of the [loan] transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  However, the doctrine of equitable tolling may "suspend the limitations period" "in certain circumstances," such as where the allegations in the complaint permit a reasonable inference that the borrower did not have a reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of the plaintiff's TILA claim.  Id. at 914-15; Al-Kidd, 580 F.3d at 956.

Plaintiffs allege the TILA violations occurred on October 9, 2006, the date Plaintiffs entered into the loan agreement with Defendants and consummated the loan transaction.  Since Plaintiffs did not bring their TILA damages claim until August 25, 2009, which is more than one year after July 21, 2006, this claim was brought after the one-year statute of limitations period.

//

//

1        Plaintiffs further allege "the misrepresentations and

2 allegations stated herein were all discovered within the past year,

3 such that any applicable statute of limitations are extended or should

4 be extended pursuant to the equitable tolling doctrine or other

5 equitable principles." (Compl. ¶ 43.) However, these "mere

6 conclusory statements [] do not suffice" to provide a basis for

7 equitable tolling. Iqbal, 129 S. Ct. at 1950; see also Lopez v.

8 Wachovia Mortg., No. 2:09-CV-01510-JAM-DAD, 2009 WL 4505919, at *2

9 (E.D. Cal. Nov. 20, 2009) (dismissing identical allegations for

10 failure to allege equitable tolling).

11        Plaintiffs also argue their TILA damages claim should be

12 equitably tolled because Plaintiffs are not native English speakers.

13 Plaintiffs allege their "English skills . . . are limited" and

14 "[t]here was no translator at the actual signing of the loan documents

15 nor were the loan documents in the Plaintiff[s'] native language."

16 (Compl. ¶ 23.) However, Plaintiffs have not explained how these

17 limitations prevented them from discovering the allegations which form

18 the basis of their TILA claim. These bare assertions are therefore

19 insufficient to provide a basis for equitable tolling. Therefore, the

20 damages portion of Plaintiffs' TILA claim is dismissed with leave to

21 amend.

22    **2. Plaintiffs' Claim for Rescission Under TILA**

23        Wachovia also seeks dismissal of Plaintiffs' TILA claim for

24 rescission, arguing that the right to rescind does not apply to a

25 purchase money loan, defined as a residential mortgage transaction.

26 (Mot. 8:20-21.) Plaintiffs do not oppose this portion of Wachovia's

27 dismissal motion.

28 //

1         [T]he rescission provision of TILA contains a specific exemption for a 'residential mortgage
2 transaction,' which is defined in the statute as: 'a transaction in which a mortgage, deed of trust,
3 purchase money security interest arising under an installment sales contract, or equivalent
4 consensual security interest is created or retained against the consumer's [d]welling to finance the
5 acquisition or initial construction of such dwelling.' 15 U.S.C. § 1602(w). Under TILA, a
6 residential mortgage transaction includes the initial construction financing of the principal
7 dwelling, as well as a permanent loan to satisfy the construction financing. See 12 C.F.R. 226,
8 Supp. I 2(a)(24)(4)(1998). Moreover, the exemption applies whether it is the same lender providing the
9 permanent financing or an entirely different lender. <u>Id.</u> In addition, as long as proceeds from
10 the loan are used to acquire the home, the residential mortgage transaction exemption applies,
11 even if some proceeds are used for other purposes.

12 <u>Zakarian v. Option One Mortg. Corp.</u>, 642 F.Supp.2d 1206, 1214-15 (D.

13 Hawaii 2009); <u>see also</u> <u>Yazdanpanah v. Sacramento Valley Mortg. Group</u>,

14 2009 WL 4573381, *6 (N.D. Cal. 2009) (stating no statutory right of

15 rescission exists "where the loan at issue involves the creation of a

16 first lien to finance the acquisition of a dwelling in which the

17 customer resides or expects to reside."). Here, Plaintiffs obtained

18 the loan from Wachovia to purchase the subject property and therefore

19 this case involves a "residential mortgage transaction." (Compl. ¶¶

20 20, 27, 84; RJN Exs. C, D.) Since Plaintiffs seek rescission of their

21 residential mortgage transaction, which is specifically exempted from

22 TILA, Wachovia's motion to dismiss this portion of Plaintiffs' TILA

23 claim is granted with prejudice.

24 **B.   Plaintiffs' Real Estate Settlement Procedures Act Claim**

25         Wachovia seeks dismissal of Plaintiffs' RESPA claim, arguing

26 inter alia, that Plaintiffs' letter does not qualify as a QWR, and

27 therefore Wachovia's failure to respond is not a RESPA violation.

28 (Mot. 11:26-12:1.) Plaintiffs respond, arguing Wachovia was required

1   to make certain disclosures to Plaintiffs at the time their mortgage

2   loan closed.  (Opp'n 19:13-14.)

3          RESPA requires that lenders provide borrowers with a

4   standard disclosure form at or before the "settlement" of a mortgage

5   loan transaction.  12 U.S.C. § 2603(b).  The disclosure form is

6   required to "conspicuously and clearly itemize all charges imposed

7   upon the borrower and . . . the seller . . . in connection with the

8   settlement . . . ."  12 U.S.C. § 2603(a).  RESPA also requires that

9   lenders and loan servicers make certain disclosures and communications

10   to the borrower regarding the servicing of a mortgage loan.  See 12

11   U.S.C. § 2605(e)(1)(A) ("If any servicer of a federally related

12   mortgage loan receives a [QWR] from the borrower for information

13   *relating to the servicing of such loan*, the servicer shall provide a

14   written response acknowledging receipt of the correspondence within 20

15   days . . . .") (emphasis added).

16          Plaintiffs allege in their complaint that Wachovia violated

17   RESPA "at the time of the closing of the [l]oan . . . by failing to

18   correctly and accurately comply with the disclosure requirements

19   provided therein."  (Compl. ¶ 77.)  However, there is no private right

20   of action for violations of the section 2603 disclosure requirements.

21   Bloom v. Martin, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994) (finding

22   that Congress did not intend to create a private right of action for

23   violations of Section 2603), aff'd, 77 F.3d 318 (1996).  Further, the

24   disclosure provisions of RESPA that do confer a private right of

25   action do not pertain to disclosures at a loan's closing.  Lopez, 2009

26   WL 4505919, at *3.  Therefore, Plaintiffs' RESPA claim brought under

27   Section 2603 against Wachovia is dismissed with prejudice.

28   //

Plaintiffs further allege Wachovia violated section 2605(e)(2) "by failing and refusing to provide a proper written explanation or response to Plaintiffs' QWR." (Compl. ¶ 78.) Plaintiffs allege the QWR "included a demand to rescind the loan under the TILA provisions." (Id. ¶ 28.)  However, Plaintiffs have not alleged that Wachovia is either a lender or a loan servicer to whom the requirements of section 2605 apply.  Plaintiffs merely allege that they "are not certain at this time exactly which of Defendants was actually the servicer of [their] [l]oan at any given time." (Id. ¶ 76.)  Further, "nothing in the complaint indicates that the written correspondence . . . concerned the servicing of Plaintiff[s'] loan, which is required to qualify the correspondence as a [QWR] under RESPA.  A conclusory allegation that the correspondence was a [QWR] is insufficient." Sipe v. Countrywide Bank, -- F. Supp. 2d ---, 2010 WL 596322, at *10 (E.D. Cal. Feb. 16, 2010).  Without alleging that Wachovia was a lender or loan servicer for the purposes of section 2605, or how the correspondence qualifies as a QWR, Plaintiffs' claim cannot survive Wachovia's dismissal motion.

Plaintiffs' opposition raises the argument that "[i]t remains unclear whether . . . Defendant Wachovia . . . received 'kickbacks' or referral fees disproportional to the work performed, which is prohibited under 12 U.S.C. § 2607(a)." (Opp'n 19:25-27.) Plaintiffs' complaint, however, does not contain an allegation that Wachovia violated section 2607 or facts supporting a claim under section 2607.  A motion to dismiss "addresses the present state of the pleadings, not what an amended complaint might state." Champlaie, 2009 WL 3429622, at *7.  Therefore, these new allegations have no

1  bearing on the motion and Plaintiff's RESPA claim against Wachovia is

2  dismissed.

3  **C.    Plaintiffs' Rosenthal Act Claim**

4          Wachovia also seeks dismissal of Plaintiffs' claim for

5  violation of the California Rosenthal Act, arguing the complaint

6  asserts only "vague and conclusory allegations."  (Mot. 9:24-27.)

7  Wachovia also argues it "is not a debt collector within the meaning of

8  the Rosenthal Act."  (Mot. 9:11-12.)  Plaintiffs respond by

9  reiterating the allegations in their complaint.  (Opp'n 15:21-28.)

10         The Rosenthal Act serves to "prohibit debt collectors from

11  engaging in unfair or deceptive acts or practices in the collection of

12  consumer debts and to require debtors to act fairly in entering into

13  and honoring such debts."  <u>Arikat v. JP Morgan Chase & Co.</u>, 430 F.

14  Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ. Code § 1788.1)

15  (emphasis omitted).  However, the Act only governs the conduct of a

16  "debt collector," which under the statute is defined as "any person

17  who, in the ordinary course of business, regularly, and on behalf of

18  himself or herself . . . engages in debt collection."  Cal. Civ. Code

19  § 1788.2.

20         Plaintiffs allege:

21         Defendants' actions constitute a violation of the
           Rosenthal Act in that they threatened to take
22         actions not permitted by law, including but not
           limited to the following: collecting on a debt not
23         owed the Defendants, making false reports to credit
           reporting agencies, falsely stating the amount of a
24         debt, increasing the amount of a debt by including
           amounts that are not permitted by law or contract,
25         and using unfair and unconscionable means in an
           attempt to collect a debt.

26

27  (Compl. ¶ 63.)  Such broad allegations are insufficient to survive

28  Wachovia's dismissal motion.  Plaintiffs "fail to allege facts that

would support the inference that [Wachovia] is a 'debt collector'"
under the Rosenthal Act.  Pok v. Am. Home Mortg. Servicing, Inc., 2010
WL 476674, at *2 (E.D. Cal. Feb. 3, 2010).  Plaintiffs also fail to
allege which sections of the Rosenthal Act Wachovia violated.  See
Blanco v. Am. Home Mortg. Servicing, Inc., No. CIV 2:09-578 WBS DAD,
2009 WL 4674904, at *4 (E.D. Cal. Dec. 4, 2009) (dismissing claim
under Rosenthal Act, in part, for failing to identify the provisions
of the statute allegedly violated).  Therefore, Plaintiffs' Rosenthal
Act claim is dismissed.

**D.   Plaintiffs' Negligence Claim**

          Wachovia also argues Plaintiffs' negligence claim should
be dismissed since Plaintiffs have failed to plead any facts
establishing that Wachovia owed Plaintiffs a duty of care which could
give rise to a negligence claim.  (Mot. 11:1.)  Plaintiffs respond,
arguing "Wachovia owed a general duty of care to Plaintiffs to perform
their function in such a manner as to avoid causing the harm."  (Opp'n
17:17-18.)

          "The elements of a cause of action for negligence are: the
defendant had a duty to use due care, . . . he or she breached that
duty, and . . . the breach was the proximate or legal cause of the
[plaintiffs'] resulting injur[ies]."  Vasquez v. Residential Invs.,
Inc., 118 Cal. App. 4th 269, 278 (2004).  "[T]he threshold element of
a cause of action for negligence is the existence of a duty to use due
care toward an interest of another . . . .  Whether this essential
prerequisite has been satisfied in a particular case is a question of
law."  Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1196-97 (9th Cir.
2001) (quotations and citations omitted) (applying California law).
"Under California law, 'as a general rule, a financial institution

owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" <u>Bledea v. Indymac Federal Bank</u>, No. CIV S-09-1239 LKK/GGH, 2010 WL 715255, at *9 (E.D. Cal. Feb. 25, 2010) (citing and quoting <u>Nymark v. Heart Fed. Savings & Loan Assn.</u>, 231 Cal. App. 3d 1089, 1096 (1991)). "Thus, for a lender . . . to owe a duty of care, the lender's activities must have exceeded those of a conventional lender or the activities must fit within some exception to the 'general' rule." <u>Id.</u> (citations omitted).

Plaintiffs allege Wachovia "breached [its] duty of care to the Plaintiffs when [it] failed to maintain the original [m]ortgage note, failed to properly create original documents, [and] failed to make the required disclosures to the Plaintiffs." (Compl. ¶ 70.) Plaintiffs also allege Wachovia "breached [its] duty of care to the Plaintiffs when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiff[s'] creditworthiness to various credit reporting agencies wrongfully." (<u>Id.</u> ¶ 71.)

These allegations are insufficient to show that Wachovia's activities "exceeded those of a conventional lender." <u>Bledea</u>, 2010 WL 715255, at *9. "As to the allegations regarding maintenance of the original note and creation of original documents, these are normal activities for a lender, and there is no special reason to impose a duty of care here." <u>Id.</u> at *10. Moreover, "taking payments, charging fees, and reporting on creditworthiness are conventional activities for a lender." <u>Id.</u> These bare allegations do not show reason to depart from <u>Nymark</u>'s general rule and impose a negligence duty of care "with respect to these activities. Even assuming, however, that such

a duty of care exists, plaintiffs' allegations do not indicate that any of these acts were a breach of said duty." Id.  Finally, as to the allegations regarding failure to make the required disclosures, Plaintiffs do not identify which disclosures Wachovia failed to make, how Wachovia failed to "make" them, and how this failure establishes a "special relationship giving rise to a duty between Plaintiff[s] and the lender." Sorenson v. Countrywide Home Loans, Inc., No. 2:09-cv-01943-MCE-KJM, 2010 WL 308794, at *5 (E.D. Cal. Jan. 12, 2010) (dismissing identical allegations for failure to "plead any action beyond the domain of a usual money lender which would create . . . a duty").  Therefore, Plaintiffs' negligence claim is dismissed.

**E.   Plaintiffs' Breach of Fiduciary Duty Claim**

Wachovia also seeks dismissal of Plaintiffs' breach of fiduciary duty claim, arguing "a lender does not owe a fiduciary duty to its borrowers." (Mot. 13:3-4.)  Plaintiffs respond, arguing Wachovia "interfered with Defendant Dihn's fiduciary obligation by offering [him] financial incentives to violate Plaintiff[s'] trust." (Opp'n 22:14-15.)

To state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). However, "[a]bsent special circumstances . . . a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006).  "A commercial lender is entitled to pursue its economic interest in a loan transaction.  This right is inconsistent with the obligations of a

fiduciary, which require that the fiduciary knowingly agree to
subordinate its interests to act on behalf of and for the benefit of
another." Gonzalez, 2010 WL 144862, at *13.

Here, Plaintiffs have not alleged "special circumstances"
which could give rise to a fiduciary relationship with Wachovia.  And
"although Plaintiff[s] ha[ve] alleged that [Wachovia] offered the
brokers incentives to act in ways that furthered [Wachovia's]
interest, there is no allegation indicating that [Wachovia] gave the
brokers identified here the authority to represent or bind [Westcare]
or that [Westcare] took some action that would have given the
Plaintiff[s] the impression that such a relationship existed." Id. at
*10.  Further, Plaintiffs "do[] not explain the sense in which
[Wachovia] directed or authorized [Dihn's] conduct." Id.  Plaintiffs,
therefore, have not pleaded facts demonstrating that Wachovia owed
Plaintiff a fiduciary duty which could give rise to a claim for breach
of that duty.  Accordingly, Plaintiffs' breach of fiduciary duty claim
against Wachovia is dismissed.

**F.   Plaintiffs' Fraud Claim**

Wachovia argues Plaintiffs' fraud claim should be dismissed
because Plaintiffs' complaint fails to comply with the heightened
pleading standard required by Federal Rule of Civil Procedure 9(b)
("Rule 9(b)").  Plaintiffs argue they have satisfied Rule 9(b)'s
requirements.

Under California law, the elements of a fraud claim are: (1)
misrepresentation (including, false representation, concealment, or
nondisclosure); (2) knowledge of falsity; (3) intent to induce
reliance; (4) justifiable reliance; and (5) resulting damage. Lazar
v. Superior Court, 12 Cal.4th 631, 638 (1996).  A claim for fraud in

federal court, however, must satisfy Rule 9(b)'s particularity requirements.  See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.  The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993) (quotations and citations omitted).

        Plaintiffs allege in their fraud claim that Defendant Dihn made false representations to Plaintiffs at the inception of the loan transaction regarding interest rates, financing options, the availability of refinancing and Plaintiffs' qualifications for the loan.  (Compl. ¶ 93.)  Plaintiffs also allege "[Wachovia] regularly trained, directed, authorized and/or participated with mortgage brokers to implement [a] scheme, giving them monetary incentives to violate the borrowers' trust."  (Id. ¶ 94.)

        Plaintiffs' fraud claim clearly fail to satisfy the requirements of Rule 9(b).  Although Plaintiffs allege Defendant Dihn made false representations at the inception of Plaintiffs' loan transaction, Plaintiffs fail to adequately allege how Wachovia is responsible for those alleged misrepresentations.  Further, Plaintiffs' allegations do not include the time, date, place, or benefits resulting from Wachovia's allegedly fraudulent activity. Since Plaintiff's fraud claim against Wachovia fails to satisfy Rule 9(b), it is dismissed.

//

//

**G.   Plaintiffs' Breach of Contract Claim**

Wachovia argues Plaintiffs' claim for breach of contract should be dismissed since, inter alia, Plaintiffs have not alleged "the terms and conditions" of the contract.  (Mot. 17:10-11.) Plaintiffs argue "the terms of the Note, albeit not directly negotiated by [Wachovia] were approved and accepted by [Wachoviva]." (Opp'n 26:22-24.)

To state a claim for breach of contract under California law, a plaintiff "must plead and prove (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to Plaintiffs." Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1352 (2009).

Plaintiffs allege they "entered into an agreement with Defendants [Wachovia] and Dihn, whereby Defendants promised to provide Plaintiff with an affordable loan" and they breached the agreement by "failing to provide Plaintiff with an affordable loan."  (Compl. ¶¶ 110, 112.)  However, earlier in their complaint, Plaintiffs allege that it was Defendant Dihn who told them that he could get him the "best deal" and the "best interest rates" and that if the loan became unaffordable, it could be refinanced.  (Id. ¶¶ 21, 24.)  Plaintiffs have not alleged that these oral promises made by Dihn were incorporated into their loan agreement with Wachovia or that Wachovia was aware of or agreed to those terms.  Plaintiffs, therefore, have not demonstrated that their loan agreement with Wachovia included the promises that were allegedly breached.  Accordingly, Plaintiff's breach of contract claim against Wachovia cannot survive Wachovia's dismissal motion.  See Logan v. Resmae Mortg. Corp., No. 2:09-cv-

1  016132-MCE-GGH, 2009 WL 5206716, at *4 (E.D. Cal. Dec. 24, 2009)

2  (dismissing breach of contract claim with same allegations).

3  **H.   Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing Claim**

4

5           Wachovia also argues Plaintiffs' breach of the implied

6  covenant of good faith and fair dealing claim should be dismissed

7  since Plaintiffs have "fail[ed] to plead the basic elements of [their]

8  claim." (Mot. 18:9-10.)  Plaintiffs rejoin their allegations

9  demonstrate "[Wachovia] is guilty of not dealing in good faith."

10 (Opp'n 29:28-30:1.)

11          "Generally, every contract, . . . imposes upon each party a

12 duty of good faith and fair dealing in its performance and its

13 enforcement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784,

14 799 (2008) (quotations and citations omitted).

15               [T]he implied covenant operates to protect the
                 express covenants or promises of [a] contract.  In
16               essence, the covenant is implied as a *supplement* to
                 the express contractual covenants, to prevent a
17               contracting party from engaging in conduct which
                 (while not technically transgressing the express
18               covenants) frustrates the other party's rights to
                 the benefits of the contract.
19

20 Id. at 806 (quotations and citations omitted) (emphasis in original).

21 Therefore, the implied covenant "cannot impose substantive duties or

22 limits on the contracting parties beyond those incorporated in the

23 specific terms of [the parties] agreement." Id.

24          Under California law, "no cause of action for the tortious

25 breach of the implied covenant of good faith and fair dealing can

26 arise unless the parties are in a 'special relationship' with

27 'fiduciary characteristics.'" Pension Trust Fund v. Federal Ins. Co.,

28 307 F.3d 944, 955 (9th Cir. 2002) (applying California law) (citing

19

1  Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 730

2  (1989)). "A central test of whether a lender is subject to this tort

3  is whether there is a fiduciary relationship in which the financial

4  dependence or personal security by the damaged party has been

5  entrusted to the other." Id. (quotations and citations omitted).

6  Further, the implied covenant "does not require parties to negotiate

7  in good faith prior to any agreement." McClain, 159 Cal. App. 4th at

8  799.

9      Plaintiffs' complaint alleges "a duty of good faith and fair

10  dealing was implied by law into the contract at issue in this action"

11  and:

12      Defendants . . . breached the duty of good faith
        and fair dealing by: (a) [f]ailing to pay at least
13      as much regard to Plaintiffs' interests as to
        Defendants' interests; (b) failing to disclose to
14      Plaintiffs the true nature of the loan that is the
        subject of this action; [and] (c) failing to give
15      Plaintiffs the requisite notice and disclosures.

16  (Compl. ¶¶ 116-117.)  Plaintiffs' claim, however, fails since they

17  have not alleged what contract forms the basis of their claim; nor

18  have they identified any express provision which has been frustrated

19  by Wachovia's conduct.  Further, Plaintiffs have not alleged the

20  existence of any "special relationship" with Wachovia to invoke the

21  implied covenant.  Therefore, Plaintiffs' claim for breach of the

22  implied covenant of good faith and fair dealing against Wachovia is

23  dismissed.

24  **I.   Plaintiffs' California Translation Act Claim**

25      Wachovia argues Plaintiffs' claim for violation of

26  California Civil Code section 1632, known as the California

27  Translation Act (the "CTA"), should be dismissed since Plaintiffs have

28  not satisfied the pleading requirements of the CTA.  Specifically,

Wachovia argues Plaintiffs have not alleged the loan was negotiated in Tagalog. (Mot. 19:18-19.)  Plaintiffs rejoin "[t]o allow Defendants to subvert the purpose of the section of the code simply because there were no negotiations that took place in Tagalog would defeat the purpose the legislature had in mind when enacting this law."  (Opp'n 30:14-17.)

Section 1632(b) of the CTA provides:

> Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, *a translation of the contract or agreement in the language in which the contract or agreement was negotiated*, which includes a translation of every term and condition in that contract or agreement.

Cal. Civ. Code § 1632(b) (emphasis added).  Here, Plaintiffs seek rescission of the loan because they did not receive the loan documents in Tagalog.  (Compl. ¶ 124.)  However, Plaintiffs have not alleged the negotiations for the loan were conducted in Tagalog.  Plaintiffs do allege "[n]egotiations were not translated into Tagalog . . . ."  (Id.)  Therefore, Plaintiffs have failed to allege facts which, if taken as true, would require Wachovia to provide the loan documents in Tagalog and Plaintiffs' CTA claim is dismissed.

**J.  Plaintiffs' California Business & Professions Code § 17200 Claim**

Lastly, Wachovia argues Plaintiffs' claim under California Business & Professions Code § 17200 *et seq.* (the "UCL") should be dismissed, arguing Plaintiffs have failed to allege facts "showing ongoing unlawful, unfair, and fraudulent business acts . . . ."  (Mot. 16:10-13.)  Plaintiffs argue their UCL claim is sufficient since they have alleged "multiple violations . . . of specific statutory and

common law provisions under federal and state laws . . . ."  (Opp'n 25:8-12.)

The UCL "prohibits specific practices which the legislature has determined constitute unfair trade practices."  Cal-Tech Commc'ns. Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999) (quotations and citations omitted).  "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder."  Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted).  "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation."  Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs allege "Defendants' acts alleged [in the complaint] constitute unlawful, unfair, and/or fraudulent business practices, as defined" in the UCL.  (Compl. ¶ 105.)  Further, Plaintiffs allege "[a]s a result of Defendants' wrongful conduct, Plaintiffs have suffered various injuries according to proof at trial."  (Id. ¶ 106.)

Plaintiff's UCL claim is deficient.  First, Plaintiffs' claim is vague and conclusory and fails to state any supporting facts. Plaintiffs have not differentiated between the conduct of Wachovia and the other defendants; nor have they identified a specific practice that they contend is "unfair" or "fraudulent."  Plaintiffs' allegations, therefore, lack the "reasonable particularity" that is required to state a claim under the UCL.  Second, Plaintiffs' UCL

claim is entirely premised upon the other claims they allege in their complaint, all of which fall to state a claim.  Since none of the other claims are viable, by necessity, the UCL claim must also fail.  Therefore, Plaintiffs' UCL claims against Wachovia is dismissed.

**V.  Conclusion**

For the stated reasons, Wachovia's motion to dismiss is GRANTED and Plaintiffs' complaint is DISMISSED.  Since all claims against Wachovia are dismissed, Wachovia's motion to strike is DENIED as MOOT.  Plaintiffs, however, are granted leave to amend any claim that has not been dismissed with prejudice, provided that the amended complaint is filed within fourteen (14) days of the date on which this order is filed.

Dated:  April 14, 2010

GARLAND E. BURRELL, JR.
United States District Judge