IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JEFFREY Y. PICA and TESSIE Y. PICA,   )
                                      )
              Plaintiffs,             )    2:09-cv-02372-GEB-DAD
                                      )
         v.                           )    ORDER DECLINING TO EXERCISE
                                      )    SUPPLEMENTAL JURISDICTION
WACHOVIA MORTGAGE; WORLD SAVINGS      )    OVER PLAINTIFFS' STATE
BANK FSB; NOVIA REALTY & FINANCIAL;   )    CLAIMS
INC.; TONY DIHN; and DOES 1-20        )
inclusive,                            )
                                      )
              Defendants.             )
_____)
```

Defendant Wachovia Mortgage ("Wachovia") moves for an order dismissing Plaintiffs' first amended complaint, arguing, inter alia, six of Plaintiffs' nine state claims are preempted by the federal Home Owners' Loan Act, 12 U.S.C. §§ 1461, *et seq.* However, since this action is just comprised of state claims, the issue is reached whether the Court should continue exercising supplemental jurisdiction. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction

1

under 28 U.S.C. § 1367(c)(3) after all federal claims have been dismissed).

Original jurisdiction was premised on federal questions. However, Plaintiffs first amended complaint filed on April 28, 2010, does not contain a federal question. Further, Plaintiffs state in their first amended complaint that no federal question is alleged as follows: all "federal claims have been removed from Plaintiffs' First Amended Complaint;" and, "in the absence of either federal question or diversity basis for jurisdiction, Plaintiff[s] [are] unable to assert the requisite . . . jurisdiction . . . over this matter." (First Amended Complaint ¶¶ 7, 8.)

28 U.S.C. § 1367(c)(3) prescribes that a district court "may decline to exercise supplemental jurisdiction over a [state] claim" when "all claims over which it has original jurisdiction" have been dismissed. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in [28 U.S.C.] § 1367(c), it is informed by the Gibbs values "of economy, convenience, fairness, and comity." Acri, 114 F.3d at 1001 (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996)).

"The nascency of a lawsuit weighs in favor of [declining to continue exercising supplemental jurisdiction]." Marques v. Washington Mut. Bank, No. SACV 09-1067 DOC (RNBx), 2010 WL 1627080, at *1 (C.D. Cal. Apr. 20, 2010); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) (stating "the District Court had to consider throughout the litigation whether to exercise its jurisdiction over the case . . . [; and,] [w]hen the . . . federal-law claim in the action was eliminated at an early stage of the

2

1 litigation, the District Court had a powerful reason to choose not to
2 continue to exercise jurisdiction"). Since this lawsuit has not
3 proceeded past the pleading stage, "continued exercise of supplemental
4 jurisdiction over the state law claims serves no efficiency interest."
5 Marques, 2010 WL 1627080, at *2.

6 Further, comity weighs in favor of declining supplemental
7 jurisdiction since state courts have the primary responsibility for
8 developing and applying state law. See Curiel v. Barclays Capital
9 Real Estate Inc., 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010)
10 (stating "primary responsibility for developing and applying state law
11 rests with the state courts" and declining to exercise supplemental
12 jurisdiction after dismissal of the federal claims). Wachovia's
13 federal defense asserted under the Home Owners' Loan Act does not
14 affect the weight given to the comity factor since it has not been
15 demonstrated that this defense should be resolved in federal court.
16 See Bartolome v. Homefield Fin., Inc., 2009 WL 4907050, at *2 (C.D.
17 Cal. Dec. 11, 2009) (declining to exercise supplemental jurisdiction
18 over state law claims despite defendant's argument that certain state
19 law claims were preempted by Home Owners' Loan Act); Marques, 2010 WL
20 1627080, at *3  (same).

21 Since the Gibbs values weigh in favor of declining to
22 continue exercise of supplemental jurisdiction over Plaintiffs' state
23 claims, these claims are dismissed without prejudice under 28 U.S.C. §
24 1367(c)(3). Further, this action shall be closed.

25 Dated: June 18, 2010

27 _____
GARLAND E. BURRELL, JR.
28 United States District Judge